UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JERMAINE SANDERS**                                                                                    **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 3:22-CV-P323-JHM**

**THE CITY OF LOUISVILLE** *et al.*                                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion for summary judgment by Defendants Dewayne Clark and the City of Louisville (DN 21). Plaintiff has filed a response (DN 25), and Defendants have filed a reply (DN 27). Thus, this matter is ripe for decision.[1] For the following reasons, Defendants' motion for summary judgment will be granted.

**I**.

Plaintiff initiated this 42 U.S.C. § 1983 civil-rights action. The allegations in the complaint pertain to Plaintiff's condition of confinement when he incarcerated as a pretrial detainee at Louisville Metro Department of Corrections (LMDC). Plaintiff alleges that in October 2021 he contracted COVID-19 because Defendant Clark (the former LMDC Director) failed to follow CDC guidelines by implementing policies and procedures to reduce the spread of COVID-19. Plaintiff alleges that Defendant Clark's failure to reduce overcrowding, implement social distancing guidelines, or issue sanitation supplies such as soap and cleaning materials caused him to contract COVID-19. He further alleges that since contracting COVID-19, he suffers from ongoing medical issues such as loss of taste and smell, migraine headaches, and trouble breathing.

---

[1] Although Defendants' filed their motion before the discovery deadline lapsed, in accordance with the Court's Service and Scheduling Order, they assert that no additional discovery is necessary for resolution of their motion. Moreover, although Plaintiff has outstanding discovery requests, in his response to the motion, he does not state that he is awaiting responses to discovery requests which prevent him from being able to adequately respond to the motion. In addition, from a review of the docket, Plaintiff seeks no discoverable information pertaining to the exhaustion issue at hand.

Finally, Plaintiff asserts that the City of Louisville's failure to properly train or supervise Defendant Clark caused his civil rights to be violated. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed these claims to proceed.

## II.

In their motion for summary judgment, Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). In support of their motion, Defendants attach LMDC's Inmate Grievance Procedure (DN 21-1). Defendants also attach a grievance filed by Plaintiff on February 9, 2022, in which Plaintiff states: "the Dorm is overcrowded with sick inmates which I was already sick with COVID Virus back in October 2021 we need some cleaning supplies the dorm is dirty [.]" (DN 21-2). Finally, Defendants attach the affidavit of LMDC Grievance Counselor Charine Bell in which she avers that that Plaintiff's February 9, 2022, grievance is the only grievance he filed while incarcerated at LMDC. (DN 21-3).

In Plaintiff's unsworn response to the motion for summary judgment, which Plaintiff titles "Objection," he writes:

> Defendants [] have been made aware of these issues because of other inmate written grievances and lawsuits pertaining the same despite being put on notice Defendants have failed to fix problems. Defendants have also created an ineffective grievance process during the pandemic. The Kiosk computer in every dorm where inmates communicate with staff was removed during the pandemic the grievance counselor was nowhere around during the pandemic the staff on duty where passing out and collecting written grievance forms during the pandemic the grievance counselor started coming around towards the end of February toward March. . . .

(DN 25). Plaintiff also cites to *Ross v. Blake*, 578 U.S. 632 (2016), for the proposition that an inmate need not exhaust administrative remedies if none are available.

In their reply, Defendants note that Plaintiff's response is unsworn and continue to argue that the evidence shows that Plaintiff's failed to exhaust his remedies. Attached to Defendants'

reply is the affidavit of Shavon Shipley, LMDC's Grievance Counselor in October 2021, in which Shipley avers that "LMDC's grievance process was fully operative" during October 2021 and that his review of LMDC's grievance records show that LMDC processed ninety-eight inmate grievances in that month. (DN 27-1).

### III.

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the

summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Yet statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

## IV.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court, interpreting § 1997e, has expressly stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence. *Id.* at 216

The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. at 532. To meet this requirement, an inmate must "properly exhaust" his remedies, which requires strict compliance with the grievance process provided by the prison. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines

4

and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must have presented his grievance "through one complete round" of the established administrative process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *overruled in part on other grounds by Woodford v. Ngo*, 548 U.S. at 87. "'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Woodford v. Ngo*, 548 U.S. at 87 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). An inmate must demonstrate that he has exhausted all available administrative remedies; when he fails to do so, dismissal of the complaint is appropriate. *See, e.g.*, *Burden v. Price*, 69 F. App'x 675, 676 (6th Cir. 2003).

However, an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then the PLRA will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. at 642. The Supreme Court has identified three situations in which an administrative remedy is not truly available: (1) when a remedy consistently operates as a dead end because prison officers are unwilling or unable to provide relief; (2) when a remedy becomes so opaque it becomes incapable of use; and (3) when prison officers prevent prisoners from taking advantage of a remedy through misrepresentation or intimidation. *Id*. at 643.

V.

Defendants argue that they are entitled to summary judgment because Plaintiff did not initiate a grievance regarding the allegations set forth in the complaint – allegations that Plaintiff contracted COVID-19 in October 2021, which caused him to suffer "severe" and ongoing symptoms because Defendant Clark failed to reduce overcrowding at LMDC; to implement social

distancing guidelines; or to provide inmates with sanitation supplies such as soap and cleaning materials.

Plaintiff does not dispute that he failed to file a grievance regarding his conditions of confinement and his contraction of COVID-19 in October 2021 within five working days of the incident as required by the LMDC Grievance Procedure. (DN 21-1, p. 4). Rather, he argues that he did not file such a grievance because the LMDC grievance process was "unavailable" to inmates in October 2021 due to circumstances caused by the COVID-19 pandemic. However, because Plaintiff's response is unsworn, it cannot be considered as evidence in resolving a motion for summary judgment. *See Evans v. Vinson*, 427 F. App'x 437, 442 (6th Cir. 2011) (holding that *pro se* plaintiff's unsworn response in opposition to a motion for summary judgment did not constitute evidence that could be considered in resolving that motion). Moreover, Defendants rebutted this argument by submitting an affidavit which avers that ninety-eight grievances were processed at LMDC during October 2021. Therefore, Plaintiff has not shown that an administrative remedy was unavailable under *Ross v. Blake*.

Plaintiff also argues that he should not have been required to file a grievance regarding his October 2021 concerns because other inmates had already filed grievances regarding COVID-19 and the conditions of confinement at LMDC, but Defendants "had failed to fix [the] problems." (DN 25, p. 1). The Court construes this as a futility argument. First, the Court again observes that Plaintiff has not presented any evidence to support this assertion. Second, the Sixth Court has held that a prisoner must use available grievance procedures even if he "believe[s] the procedure to be ineffectual or futile." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011))

Finally, the Court turns to the grievance Plaintiff filed on February 9, 2022 (although Plaintiff does not reference it in his response). In that grievance, Plaintiff complains that his dorm

6

is overcrowded with sick inmates, references contracting COVID-19 in October 2021, and requests cleaning supplies. (DN 21-2). Even if the Court were to *liberally* construe this grievance as grieving the issues raised in the complaint, the evidence shows that Plaintiff did not exhaust LMDC's grievance process. It appears that LMDC never responded to this grievance. The LMDC Grievance Procedure provides that an inmate who "does not receive a response [to his grievance] within [45] days from the filing of the grievance shall be allowed to pursue his grievance to the next level of review (within [5] working days). The inmate shall not be allowed to move to the next level of review if more than [50] days have passed since the filing of the initial grievance." (DN 21-1, p. 5). In her affidavit, Ms. Bell avers that Plaintiff did pursue this "grievance to the next level of review within [45] days of filing it." (DN 21-3). The evidence, therefore, establishes that Plaintiff did not present this grievance "through one complete round" of the LMDC's established administrative process. *Thomas v. Woolum*, 337 F.3d at 733.

Thus, the undisputed evidence establishes that Plaintiff did not exhaust his administrative remedies in accordance with LMDC's Inmate Grievance Procedure with regard to the allegations set forth in the complaint, and there is no evidence which supports Plaintiff's argument that the grievance process was unavailable. Therefore, the Court finds that Defendants are entitled to judgment as a matter of law.

## VI.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (DN 21) is **GRANTED**.

Date: June 1, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.011